THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00027-MR-DLH

| | | |
|---|---|---|
| STEVEN CARY STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| JOANNE F. SCOTT; DAVID | ) | |
| PETERSON; ROBERT W. | ) | |
| HUTCHESON Official and | ) | |
| Individual capacity; GREENE | ) | |
| COUNTY OHIO; DOROTHY | ) | |
| CURRY; TRACY MERSHON, | ) | |
| Official and Individual capacity; | ) | |
| PETE RVODA, Official and | ) | |
| Individual capacity; BERRY | ) | |
| MASTERS, Official and | ) | |
| Individual capacity; and | ) | |
| CYNTHIA THOMPSON, Official | ) | |
| and Individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2], filed on January 31, 2014. The Court will grant the Plaintiff's Application but will *sua sponte* dismiss the action for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff's Complaint, while largely unintelligible, appears to assert claims against various individuals, including judges and other officials of Greene County, Ohio, for fraud, conspiracy, obstruction of justice, and deprivation of human rights pursuant to 42 U.S.C. § 1983 and other federal statutes arising from a state court order concerning the custody of the Plaintiff's child. Specifically, the Plaintiff appears to challenge the jurisdiction of the Greene County, Ohio courts to have entered such an order. [Doc. 1 at 12].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In this action, the Plaintiff appears to challenge the validity of an order entered by an Ohio state court. Under the Rooker-Feldman doctrine, however, this Court does not have jurisdiction to consider the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in

the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff seeks redress for injuries he sustained as a result of a custody proceeding in Ohio. Because the Plaintiff does not allege any injury independent of this state-court action,

4

the Court concludes that the Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the Greene County Ohio custody order, he must do so in the Ohio state courts.[1]

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: February 10, 2014

Martin Reidinger
United States District Judge

---

[1] The Court further notes that the Plaintiff's Complaint does not assert any basis on which this Court could exercise personal jurisdiction over any judges or other officials of Greene County, Ohio.